UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS ESCOBAR,

       *Petitioner*,

v.

UNITED STATES of AMERICA,

       *Respondent*.

Civ. Action No. 06-318 (KSH)

**OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

    This matter comes before the Court upon Luis Escobar's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. For the reasons that follow, Escobar's motion lacks merit and will be denied.

**I.**

    On July 15, 2004, Escobar pleaded guilty in this Court to a one-count criminal information charging him with conspiracy to import more than one kilogram of heroin into the United States, in violation of 21 U.S.C. § 963. *See United States v. Escobar*, Crim. No. 03-520, D.E. # 22. There was no formal plea agreement and no stipulations regarding application of the sentencing guidelines. His Presentence Investigation Report (PSR) assigned him a four-level role enhancement as an organizer and leader of the conspiracy. PSR, ¶¶ 56, 58. On February 14, 2005, the Court held a sentencing hearing, and accepted counsel's argument that Escobar's base offense level should be 34 instead of 36. Defense counsel did not object to the Court's finding that Escobar had played a leadership role in the conspiracy that merited a two-level (but not a four-level) upward role adjustment. The Court further accepted the defense argument that

1

Escobar was in criminal history Category I and not Category II, as found by Probation in the PSR.  Applying a three-level downward adjustment for Escobar's acceptance of responsibility, the Court arrived at a total offense level of 33, which called for a sentencing range of 135-168 months.  This marked a significant divergence from the range recommended in the PSR of 235-293 months (based on a Category II criminal history and total offense level of 37).

The Court sentenced Escobar to a within-guidelines prison term of 145 months.  Before doing so, it discussed the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and inquired of Escobar:  (1) whether he understood the sentencing implications of *Booker*; and (2) whether he was fully satisfied with the representation of counsel.  Escobar answered affirmatively to both queries. Sent. Tr., Feb. 14, 2005, at 13-4.  He did not thereafter file an appeal.

On January 23, 2006, Escobar filed an initial § 2255 motion [D.E. # 1] claiming that his sentence was rendered in violation of *Booker* because "at sentencing, [his] sentence was enhanced for being a leader without the facts underlying the enhancement being submitted to a jury and proven beyond a reasonable doubt."  On March 27, 2006, the Court issued a notice to Escobar pursuant to the Third Circuit's direction in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) [D.E. # 3], and advised him that he could withdraw his pleading within 45 days and file an all-inclusive § 2255 motion.  Escobar filed an amended motion [D.E. # 4] on May 2, 2006, appearing to add a claim that counsel's assistance had been ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).  In support of the claim, Escobar argued that counsel had failed to request an evidentiary hearing regarding his alleged leadership role in the conspiracy and had failed to object to the government's position that Escobar had played such a role.

On May 17, 2006, the government filed a motion to dismiss [D.E. # 5] Escobar's § 2255 motion. The Court denied the motion on May 22, 2006 and ordered the government to file an answer [D.E. # 6]; it did so on July 7, 2006 [D.E. # 7]. On June 26, 2008, Escobar filed with the Court a "Traverse" [D.E. # 8], in which he indicated that he wished to withdraw his original substantive claim under *Booker* and his ineffective assistance of counsel claim under *Strickland* that he had added in his amended motion. Instead, he stated that the only relief he wanted to pursue was a sentence reduction similar to that granted by this Court in *United States v. Franz Copeland Sutton*, No. 07-426, 2007 U.S. Dist. LEXIS 79518 (D.N.J. Oct. 25, 2007), because he had been detained at the Passaic County Jail for approximately 32 months pending sentencing.[1]

## II.

### A.

"A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a); *see also Morelli v. United States,* 285 F. Supp. 2d 454, 458 (D.N.J. 2003) (Bassler, J.). Pursuant to § 2255, the movant shall be released from custody if the sentence: "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." *Morelli,* 285 F. Supp. 2d at 458 (citing 28 U.S.C. § 2255). The Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Garvin*, 270 F. App'x 141,

---

[1] Part of his time at Passaic County was spent serving a 15-month prison sentence on a related conviction in the United States District Court for the Southern District of Florida. It appears that Escobar has also argued that based on the conditions at the jail, he receive a "credit" toward his New Jersey sentence. The Court addresses this claim below as well.

143 (3d Cir. March 27, 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)). The scenarios in which § 2255 relief may be permitted, however, are strictly circumscribed:  To establish a right to relief, a prisoner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  *See, e.g.*, *United States v. De Luca*, 889 F.2d 503, 506 (3d Cir. 1989); *Morelli*, 285 F. Supp. 2d at 458-59 (citations omitted).  Moreover, § 2255—the federal analogue to habeas corpus—"does not encompass all sentencing errors, and should not be used as a substitute for direct appeal." *Sasonov v. United States*, 575 F. Supp. 2d 626, 631 (D.N.J. 2008) (Greenaway, J.) (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)).[2]

B.

As stated, Escobar's original § 2255 motion claimed that his sentence violated *Booker* because his status as a leader was not determined by a jury beyond a reasonable doubt. Escobar's amended motion challenged the effectiveness of his attorney under *Strickland*. Although Escobar has stated that he now wishes to withdraw these two claims, the Court discusses them briefly, for they lack merit in any event.  The Court then addresses Escobar's claim that his pre-sentence housing conditions in the Passaic County Jail warrant sentence modification under § 2255.

---

[2] Because Escobar did not file an appeal, his claims are procedurally defaulted and do not merit relief on collateral review unless he can show both cause and actual prejudice.  *See United States v. Frady*, 456 U.S. 152, 166 (1982); *United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993) ("*Frady*'s cause and prejudice standard applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed."). Nonetheless, the Court will dispose of Escobar's claims on the merits.  *See Luzardo v. United States*, No. 03-2962, 2005 U.S. Dist. LEXIS 18148, at *7-8 (D.N.J. Aug. 16, 2005) (Bissell, J.) (addressing (and rejecting) merits of § 2255 claims notwithstanding the fact that they were procedurally defaulted).

1.

In *Booker*, the Supreme Court held that the mandatory operation of the federal sentencing guidelines violated the Sixth Amendment to the federal Constitution "when the imposition of an enhanced sentence . . . based on the sentencing judge's determination of a fact (other than a prior conviction) . . . was not found by the jury or admitted by the defendant." *Booker*, 543 U.S. at 244-45 (Breyer, J., remedial opinion). To remedy this finding, the Court rendered the guidelines advisory by severing and excising the statutory provision that originally made them mandatory. *Id.* at 245-46. Thus, irrespective of the fact that Escobar did not object to the role adjustment at the sentencing hearing (thus conceding that he played a leadership role in the conspiracy), this Court's—rather than a jury's—determination that a two-level role adjustment was proper did not disturb the constitutional principles announced in *Booker* because the Court did not "enhance" his sentence outside an applicable statutory maximum. *See Blakely v. Washington*, 542 U.S. 296, 303-04 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 483, 490 (2000); *United States v. Grier*, 475 F.3d 556, 564 (3d Cir. 2006) (After *Booker*, "[f]acts relevant to enhancements under the Guidelines . . . no longer increase the maximum punishment to which the defendant is exposed, but . . . simply inform the judge's discretion as to the appropriate sentence.") (internal citations omitted); *see also id.* at 573 (Rendell, J., concurring) (finding that there was no relevant sentencing increase above the applicable maximum "because the [g]uidelines are advisory and [the defendant] was sentenced below the statutory maximum of 120 months").

2.

A prisoner alleging ineffective assistance of counsel must show first that counsel's performance was deficient, *i.e.*, that it fell below an objective standard of reasonableness, and second that the defendant was prejudiced by counsel's deficient performance. *Strickland*, 466

U.S. 687-93; *see also Outten v. Kearney*, 464 F.3d 401, 414 (3d Cir. 2006).  To establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A reasonable probability is one that is "sufficient to undermine confidence in the outcome."  *Id.*  The Court has already rejected Escobar's underlying *Booker* claim, and thus his *Strickland* claim predicated on counsel's alleged failure to raise the *Booker* claim or request an evidentiary hearing in support of it necessarily fails as well; counsel's performance cannot be objectively inadequate for failing to raise a meritless claim.  *See Blount v. United States*, No. 97-1113, 1997 U.S. Dist. LEXIS 11683, at *13 (D.N.J. July 23, 1997) (Wolin, J.).

Furthermore, as discussed above, the Court accepted several of defense counsel's arguments—over the government's objection—not to adhere to recommendations made by the PSR pertaining to the effect of Escobar's conspiratorial role on his guidelines calculation.  Consequently, the guidelines range that this Court ultimately accepted (135-168 months) represented a significant departure from the PSR-suggested 235-293 months.

3.

Escobar claims in his Traverse that a sentence modification is appropriate based on the sub-standard housing conditions he endured while detained at the Passaic County Jail pending sentencing.  He did not bring an appeal and did not raise this claim until almost two years after filing his amended motion (and 2½ years after filing his original motion).[3]  Aside from this, the claim lacks merit.  Section 2255 authorizes challenges to the validity of a sentence, not simply its execution.  *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (indicating that 28 U.S.C. §

---

[3] As noted above, Escobar made this argument at sentencing, but did not raise the issue in support of his § 2255 motion until June 26, 2008.

2241 "is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence"); *Dominguez v. United States*, No. 08-300, 2008 U.S. Dist. LEXIS 56720, at *12-15 & n.9 (D.N.J. July 17, 2008) (Linares, J.) (rejecting § 2255 motion for sentence modification based on complaints of pre-sentence housing conditions at the Passaic County Jail which, although "well-taken," did not affect the *validity* of the movant's sentence). Moreover, in *Sutton*, this Court granted a variance using its discretion on the facts and evidence produced at Sutton's sentencing hearing. *Sutton*, 2007 U.S. Dist. LEXIS 79518, at *30. It specifically rejected Escobar's argument about jail conditions, made 2½ years earlier, as "inadequately proven." Sent. Tr., Feb. 14, 2005, at 19-20. Thus, Escobar's sentence remains as lawful as on the day it was rendered.[4] Because he has not demonstrated that his sentence was imposed without jurisdiction or in violation of the Constitution or laws of the United States; was in excess of the maximum authorized by law; or is now otherwise subject to collateral attack, *see Morelli,* 285 F. Supp. 2d at 458, Escobar is not entitled to relief.[5]

---

[4] Finally, even were the Court now inclined to agree that jailhouse conditions warrant sentencing leniency for Escobar under the now-advisory guidelines (it is not so inclined), the Third Circuit has specifically stated that *Booker* does not permit sentence modification where such relief is not otherwise available under 28 U.S.C. § 3582(c). *See United States v. Mateo*, 560 F.3d 152, 155-56 (3d Cir. 2009). Section 2255 relief is thus unavailable on this basis as well.

[5] To the extent Escobar argues that the Passaic County Jail conditions require this Court to recommend to the Bureau of Prisons that his time spent there be further credited against his New Jersey sentence, the claim likewise fails. A defendant is not entitled to credit on a federal sentence when time served has been credited toward another federal sentence. 18 U.S.C. § 3585(b). As Appendix # 6 to Escobar's Traverse demonstrates, he was credited approximately seven months against his Florida sentence for time served at the Passaic County Jail, and has been credited the remainder of his time there (approximately 25 months) against his New Jersey sentence. *See* D.E. # 8, App'x # 6.

## III.

For the reasons discussed above, Escobar's § 2255 motion is **DENIED**. Because Escobar has not made a substantial showing that he has been denied a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this 24th day of August, 2009.

/s/  Katharine S. Hayden

Hon. Katharine S. Hayden
United States District Judge

Date:  August 24, 2009